IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CARLTON D. CASSELL and | ) | CHAPTER 13 |
| BETTY E. CASSELL | ) | |
| | ) | |
| Debtors. | ) | CASE NO. 13-71980 |

_____

## MEMORANDUM DECISION

The matters before the Court are confirmation of the Debtors' proposed Chapter 13 Plan, the Chapter 13 Trustee's Report and Show Cause, Capital One Auto Finance's Objection to confirmation, and the Trustee's Response to Capital One's Objection. For the reasons noted below the Court will overrule Capital One's Objection and confirm the Debtors' Chapter 13 Plan.

FINDINGS OF FACT

The Debtors filed for Chapter 13 relief in this Court on December 9, 2013 and listed a secured claim owed to Capital One Auto Finance on Schedule D in the amount of $20,000. They valued the collateral, a 2011 Chevy Silverado, at $16,125. On that same date, the Debtors filed a proposed Chapter 13 Plan providing in paragraph 3(C) for adequate protection payments to Capital One of $350.00 per month and in paragraph 3(D) for payment under the heading of "Approx. Bal. of Debt or 'Crammed Down' Value" of the "Balance of $20,000" at 4.75% interest with payments of $350.00 per month for 60 months. Ten days after the Plan was filed Capital One filed a proof of claim listing a total debt of $21,652.92. No party has objected to Capital One's claim and the Court has not entered any order disallowing the claim. Capital One filed an Objection to confirmation on December 31 asserting three objections: (1) Capital One is

entitled to $250.00 for attorney's fees, (2) Capital One's claim should be paid at the contract interest rate of 16.26%, and (3) the Plan proposed to impermissibly cram down Capital One's claim to $20,000 and would not pay the debt amount.  Capital One requested that the Court deny confirmation or require the Debtors to modify the Plan to honor the terms of the contract.

On February 10, 2014, the Trustee filed a Response to Capital One's Objection.  The Trustee stated that he confirmed at the 341 meeting that the Debtors intended to treat Capital One's claim as a 910-car claim pursuant to the "hanging paragraph" of 11 U.S.C. § 1325(a).  He asserted that the Plan's language was clear and that no attempt at valuation was made in paragraph 3(A); the Plan merely estimated the claim in paragraph 3(D).  The Trustee also argued that a 4.75% interest rate was appropriate pursuant to *Till v. SCS Credit Corporation*, 541 U.S. 465 (2004).  Additionally the Trustee asserted that Capital One was not entitled to attorney's fees because the hanging paragraph controls the claim and there is no basis to award attorney's fees.

The Court held a confirmation hearing on February 19, 2014 and took the matter under advisement.  On March 6, 2014 the parties filed Joint Stipulations that stated Capital One had withdrawn its objections regarding a claim for attorney's fees and the applicable rate of interest.  Accordingly the only issue remaining for decision is whether the Plan complies with 11 U.S.C. § 1325 and may be confirmed or whether Capital One's objection should be sustained due to the fact that the Plan lists an amount in paragraph 3(D) that is less than the actual debt resulting in an impermissible cram down.

CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western

District of Virginia.   The Court further concludes that consideration of an objection to confirmation of a Chapter 13 plan is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) because it involves the "estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11," as well as § 157(b)(2)(L) "confirmations of plans."

Paragraph 3(D) of the model plan, which contains the same language at issue in this case, provides:

> **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**
>
> This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in subsection A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

(emphasis in the original).

The Court concludes that Capital One's Objection is not well taken in that the Plan language is clear.  Upon confirmation, the Trustee will commence payments to the holder of each allowed secured claim listed in paragraph 3(D) on the balance owed or the amount specified in paragraph 3(A), *whichever is less*, until the amount is paid in full.  The Debtors did not list any claims in paragraph 3(A) of their Plan.  This would result in Capital One receiving the balance owed on the indebtedness as alleged in its proof of claim, $21,652.92.  Because the Plan does not

violate 11 U.S.C. § 1325, the Court will overrule Capital One's Objection and confirm the

Debtors' Plan.  The Trustee is hereby requested to submit an Order of Confirmation.

    Decided this 14th day of March, 2014.

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE